**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

LEAMON BUBBIE FEATHERSTONE, JR.,
          *Defendant-Appellant.*

No. 02-4473

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

MICHAEL WILLIAMS,
          *Defendant-Appellant.*

No. 02-4479

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

OTIS EDWARD ROBINSON, JR.,
          *Defendant-Appellant.*

No. 02-4603

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge;
James A. Beaty, Jr., District Judge.
(CR-01-420, CR-02-4)

Submitted: February 12, 2003

Decided: March 3, 2003

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Paul James, STOWERS & JAMES, P.A., Winston-Salem, North Carolina; Charles D. Luckey, BLANCO, TACKABERY, COMBS & MATAMOROS, P.A., Winston-Salem, North Carolina; Danny T. Ferguson, Winston-Salem, North Carolina, for Appellants. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Leamon Bubbie Featherstone, Jr., Michael Williams, and Otis Edward Robinson, Jr., pleaded guilty to bank robbery, 18 U.S.C. § 2113(a) (2000), and using and carrying a firearm during a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (2000). Those convictions related to the November 6, 2001, robbery of a Morris Plan Bank in Greensboro, North Carolina. Featherstone and Robinson also pleaded guilty to robbing a First Citizens Bank in Greensboro on August 22, 2001. Featherstone was sentenced to 110 months for the two robberies, Robinson was sentenced as a career offender to 169 months for the two robberies, and Williams was sentenced to sixty-six months for the Morris Plan Bank robbery. Each defendant also received a consecutive, seven-year sentence for the firearm conviction.

The defendants now appeal. Williams raises one sentencing issue in his brief. Counsel for Featherstone and Robinson have filed briefs in accordance with *Anders v. California*, 386 U.S. 738 (1967), claiming that their guilty pleas were involuntary but stating that there are no meritorious issues for appeal. Neither Robinson nor Featherstone filed a pro se supplemental brief after being advised of the right to submit such a brief. We affirm.

I

On August 22, 2001, Robinson and Featherstone entered the Greensboro bank and ordered everyone in the bank to lie on the floor. Robinson controlled the people with a handgun while Featherstone emptied cash drawers. They left the bank with over $50,000 and escaped in a getaway car driven by Joseph Benton.

The Morris Plan Bank robbery followed a similar pattern. Featherstone, Robinson, and Williams entered the bank. Brandishing handguns, Robinson and Williams ordered those present to lie on the floor while Featherstone emptied cash drawers. They left the bank with over $15,000. Benton again was waiting in the getaway car. The four men were apprehended later that day.

II

Williams raises one sentencing issue on appeal. He claims that the district court erred when it enhanced his offense level by two levels for physical restraint of the robbery victims. *See U.S. Sentencing Guidelines Manual* § 2B3.1(b)(4)(B) (2001). We review de novo the district court's legal interpretation of a guideline. *United States v. Dawkins*, 202 F.3d 711, 714 (4th Cir.), *cert. denied*, 529 U.S. 1121 (2000).

The record reveals that one of the robbers grabbed a bank employee by the arm and pulled her into the bank lobby. Furthermore, the robbers controlled the movements of persons in the bank by brandishing handguns. Under these circumstances, we conclude that robbery victims were "physically restrained" within the meaning of the guideline and that the enhancement was proper. *See United States v.*

*Wilson*, 198 F.3d 467, 471-72 (4th Cir. 1999); *United States v. Stokley*, 881 F.2d 114, 116 (4th Cir. 1989).

## III

Robinson and Featherstone contend in their *Anders* briefs that their pleas were involuntary. During the plea colloquy, both defendants stated that they understood the charges against them, the penalties they faced, and the rights they were waiving by pleading guilty. Each said that he was pleading guilty because he was, in fact, guilty. Both Robinson and Featherstone were forty-seven years old and had GEDs. Each had read the written factual basis for the pleas and stated that the facts were correct. Both Featherstone and Robinson expressed satisfaction with their attorneys, and neither defendant was under the influence of alcohol, medicine, or other substance that might affect his ability to understand the proceedings.

Featherstone does not support his contention that his plea was involuntary. Robinson's reasoning is that the district court failed in its duty under Fed. R. Crim. P. 11(c)(1) to advise him that it had the authority to depart from a sentencing guideline range. Robinson did not move to withdraw his plea in the district court; therefore, we review the district court's oversight in accordance with *United States v. Martinez*, 277 F.3d 517 (4th Cir.), *cert. denied*, __ U.S. __, 71 U.S.L.W. 3242 (U.S. Oct. 7, 2002) (No. 02-5170). We conclude that the district court's error did not affect Martinez's substantial rights. *See id.* at 534. We further conclude that there is no merit to the contention of either defendant that his plea was involuntary. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

## IV

We therefore affirm. With respect to Featherstone and Robinson, we have, as required by *Anders*, reviewed the entire record and have found no meritorious issues for appeal. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to with-

draw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*